UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF MICHIGAN

\* \* \* \* \*

Re:

JUAN A. TORRES                               File No.  19-03210-jwb
CHRISTINA C. CORTEZ                 Chapter 13
                                                            Filed: 7/29/19

_____/

FIRST PRE-CONFIRMATION AMENDMENT
TO CHAPTER 13 PLAN

NOW COMES the above-named Debtors by and through their attorney, JANET S. THOMAS of WEST MICHIGAN BANKRUPTCY CLINIC, P.C., and hereby amend their Chapter 13 Plan as follows:

1. The PREAMBLE is amended as follows:

| | | |
|---|---|---|
| A limit on the amount of a secured claim, set out in Paragraph III.C.2.c and III.C.1.f., which may result in a partial payment or no payment at all to the secured creditor | ■ Included | Not included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Paragraph IV.R. | Included | ■ Not included |
| Nonstandard provisions, set out in Paragraph IV.R. | ■ Included | Not included |

2. Item II, FUNDING, Paragraph A is amended as follows:

   A. PLAN PAYMENT.  The Debtor #1 shall make payments in the amount of $355.58 per ( ) week, (x) bi-weekly, (    ) semi-monthly, (    ) monthly, and/or (    ) other (see Additional Plan Payment Provisions) for the minimum of the ACP.

3. Item II, FUNDING, Paragraph B is amended as follows:

   ( x ) Additional Plan Payment Provisions:
   DEBTOR #2 WILL ALSO MAKE PAYMENTS INTO THE PLAN IN THE AMOUNT OF $241.61 PER WEEKLY PAY PERIOD

   On 10/1/21 - when Debtor #1's first 401K loan is paid in full payments into the plan will increase by $185.00 to $956.00 per month to be paid at: $441.23 each bi-weekly pay period.

   On 5/1/22 - when Debtor #1's second 401K loan is paid in full, payments into the plan will increase by $200.00 to $1,156.00 per month, to be paid at: $533.53 each bi-weekly pay period. The debtors will set aside $215.00 each  month toward a replacement vehicle.

4. Item III, DISBURSEMENTS, Paragraph B - Priority Claims, No. 3 <u>Other Priority Claims and Plans Treatment</u> is amended as follows:

City of Muskegon 2011 Income taxes due by Debtor #2 and her ex-husband Rene Mendez - to be paid as unsecured as returns were timely filed over three years before the date of filing of this case.

5. Item III, DISBURSEMENTS, Paragraph C - Secured Claims, No. 1 Real Property is amended as follows:

| Creditor Name | Estimated Monthly Payment Amount[iii] | Estimated Arrears[iv] | Taxes & Insurance Escrowed With Lender? Y/N |
|---|---|---|---|
| #1. Towne Mortgage | $965.48 | $1,150.00 | Y |

6. Item III, DISBURSEMENTS, Paragraph C - Secured Claims, No. 2 <u>Personal Property</u> (c) is amended as follows:

Secured Claims Subject to 11 U.S.C. § 5061:  Claims in this class shall be paid as follows plus an additional pro-rata amount that may be available from funds on hand at an interest rate specified below or the contract rate specified in the proof of claim whichever is lower.  Creditor will be paid the fair market value (FMV) as a secured claim and any balance due as a general unsecured claim.

| Creditor, Address & Account No.[ix] | Collateral | FMV | Interest Rate | Pre-Conf. APP | Equal Monthly Payment |
|---|---|---|---|---|---|
| See non-standard provisions | | | | | |

7. Item III, DISBURSEMENTS, Paragraph E - <u>Direct Payment by the Debtor(s) of the Following Debts</u>. is amended as follows:

All claims shall be paid by the Trustee unless listed herein:

| Creditor, Address & Account No. | Collateral/Obligation | Balance Owing | Interest Rate |
|---|---|---|---|
| NONE | | | |

8. Item III, DISBURSEMENTS, Paragraph F - <u>Unsecured Creditors</u>  is amended as follows**:**

General Unsecured Creditors: Claims in this class are paid from funds available after payment to all other classes.  The allowed claims of general unsecured creditors will be satisfied by:

( ) Payment of a dividend of 100%, plus present value of _____% interest, if necessary to satisfy 11 U.S.C. § 1325(a)(4), OR

( X ) Payment of a pro-rata share of a fixed amount of $ 12,100.00 or payment from all disposable income to be received by the Debtor(s) in the ACP, whichever pays more. This fixed amount shall be reduced by additional administrative expenses including attorney fees approved under 11 U.S.C. § 330(a). However, this fixed amount shall not be reduced below the liquidation value specified in paragraph I.B.

9. ITEM IV, GENERAL PROVISIONS, Paragraph R - Non-Standard Provisions is amended to add the folowing language:

TO RESOLVE THE OBJECTION OF THE CREDITOR AND RETAIN THE TRANSPORTATION THE DEBTORS BELIEVE IS A NECESSITY AND NOT A LUXURY AND FURTHER TO ADDRESS 11 U.S.C. Section 1325 (a)(9) and 11 U.S.C. Section 506 the DEBTORS WILL PAY HARLEY DAVIDSON/EAGLEMARK SAVINGS BANK AS FOLLOWS

| Creditor, Address & Account No.[ix] | Collateral | FMV | Interest Rate | Pre-Conf. APP | Equal Monthly Payment |
|---|---|---|---|---|---|
| Harley Davidson Credit/Eaglemark Savings bank | 2016 Harley Davidson lien date: 11/22/16 | $16,394.99 | 7.99% | N/A | $328.00 |

10. All other provisions of the Plan are to remain the same.

Dated: September 25, 2019        /s/ Juan A. Torres
                                 Juan A. Torres, Debtor

Dated: September 25, 2019        /s/ Christina C. Cortez
                                 Christina C. Cortez, Debtor

Dated: September 25, 2019        WEST MICHIGAN BANKRUPTCY
                                 CLINIC, P.C.
                                 /s/Janet S. Thomas
                                 By Janet S. Thomas (P41217)
                                 Attorney for Debtor(s)
                                 P.O. Box 1225
                                 Muskegon, MI 49443-1225
                                 Telephone: (231) 726-4823